UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANDELL RILEY,

        Plaintiff,

                                  CASE NO. 2:07-CV-13262
                                  JUDGE MARIANNE O. BATTANI
                                  MAGISTRATE JUDGE PAUL J. KOMIVES

   v.

BARBARA S. SAMPSON,
ENID LIVINGSTON and
JOHN QUINLAN,

        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT (Doc. Ent. 12)**

**I.**    **RECOMMENDATION:** The Court should grant defendants' motion to dismiss and/or for summary judgment.  Doc. Ent. 12.

**II.**    **REPORT:**

**A.**    **Background**

      On January 24, 2005, Shandell Lapep Riley was sentenced to fourteen (14) to forty-eight (48) months for a violation of Mich. Comp. Laws § 333.7403.  Doc. Ent. 12-3 at 2-3 (Kent County Circuit Court Case No. 04-10464-FH).  On December 9, 2005, the Michigan Parole Board (MPB), "pending investigation and approval of the proposed placement preliminarily[,]" granted Riley an eighteen (18) month term of parole with a projected parole date of March 23, 2006.  The reasons in support of the MPB's action concerned personal history.  The notice of decision was signed by Enid Livingston and James Quinlan.  Doc. Ent. 1 at 13-15.

On March 20, 2006, the Grand Rapids Police Department took temporary custody of Riley for the purpose of conducting "a polygraph examination, blood sample, or DNA testing purportedly for a homicide investigation under the supervision of Det. Gregory E. Griffin and Mark Worch[,]" in conjunction with a homicide investigation. Doc. Ent. 1 at 4 ¶ 12, 17 (Detainer/Prisoner Hold). On April 17, 2006, the MPB decided that denial of parole was warranted for a term of twelve (12) months and scheduled plaintiff's reconsideration date for March 22, 2007. The reason cited was "pending charges C12 until cleared." This decision was signed by Artina Hardman and Barbara S. Sampson. Doc. Ent. 1 at 19. Plaintiff claims that on April 19, 2006, the MDOC caused a notice to be sent to the Kent County Court and Prosecuting Attorney pursuant to Mich. Comp. Laws § 780.131,[1] "requesting that action be taken towards final disposition of the untried homicide." Doc. Ent. 1 at 5 ¶ 14.

A request for clearance was sent on September 14, 2006. Doc. Ent. 1 at 17. On September 15, 2006, Sgt. Steve Labrecque of the Grand Rapids Police Department stated, "[w]e no longer have an interest in this subject. Case is closed." Doc. Ent. 1 at 23. Thereafter, plaintiff claims, the detainer was deleted from the Law Enforcement Information Network (LEIN). Doc. Ent. 1 at 5 ¶

---

[1]In part, this statute provides:

Whenever the department of corrections receives notice that there is pending in this state any untried warrant, indictment, information, or complaint setting forth against any inmate of a correctional facility of this state a criminal offense for which a prison sentence might be imposed upon conviction, the inmate shall be brought to trial within 180 days after the department of corrections causes to be delivered to the prosecuting attorney of the county in which the warrant, indictment, information, or complaint is pending written notice of the place of imprisonment of the inmate and a request for final disposition of the warrant, indictment, information, or complaint.

Mich. Comp. Laws § 780.131(1).

16.  On September 28, 2006, the MPB "pending investigation and approval of the proposed placement preliminarily" granted an eighteen (18) month term of parole with a projected parole date of October 19, 2006.  The reasons in support of the MPB's action concerned crime & criminal behavior, correctional adjustment, program involvement and personal history.  This decision was signed by Marianne Samper and Artina Hardman.  Doc. Ent. 1 at 25-27.

On October 23, 2006, plaintiff contends, "the Grand Rapids PD purportedly reinstated the detainer against Plaintiff[.]" Doc. Ent. 1 at 5 ¶ 17.  On October 25, 2006, the MPB decided that denial of parole was warranted for a term of twelve (12) months and scheduled plaintiff's reconsideration date for late October 2007.  The reasons in support of parole board action were "pending felony suspect/charge needs to be resolved." The decision was signed by Miguel Berrios and John Rubitschun.  Doc. Ent. 1 at 29.

On March 13, 2007, Judge James Robert Redford of Kent County Circuit Court signed an opinion and order denying Riley's motion to dismiss for procedural grounds.  In part, Judge Redford stated, "[t]he Court has been advised that there are no pending information or complaints that exist.  As a result there is no remedy which the defendant seeks which the Court has the ability to grant." Judge Redford also stated, "[t]he Court does not have jurisdiction to review this matter [the denial of parole] based on the grounds asserted by defendant Riley."  Doc. Ent. 1 at 31 (Case No. 04-10464-FH).

On March 21, 2007, plaintiff signed a "Notice of Intent to Conduct a Parole Board Interview and Prisoner Rights and Receipt".  Doc. Ent. 1 at 33.  On or about March 22, 2007, Resident Unit Manager (RUM) Julie Cady reviewed and approved plaintiff's Parole Eligibility Report prepared by Assistant RUM David E.  Bournay.  Doc. Ent. 1 at 35-36.  The March 31, 2007, Michigan

Department of Corrections (MDOC) Parole Guidelines Scoresheet showed a preliminary parole guidelines score of eight (8) and a final parole guidelines score of three (3). The adjustment was a result of plaintiff's criminal history points exceeding six (6). This resulted in a calculation of "HIGH Probability of Parole." Doc. Ent. 1 at 38-40. A parole board interview was scheduled for April 11, 2007. Doc. Ent. 1 at 33. Plaintiff was interviewed on the scheduled date by Berrios, a Parole Board Member. Doc. Ent. 1 at 6 ¶ 28.

On June 7, 2007, the MPB decided that a denial of parole was warranted for a term of twelve (12) months and scheduled plaintiff's reconsideration date for October 22, 2008. The reasons in support concerned crime & criminal behavior, correctional adjustment and personal history. This decision was signed by Quinlan, Sampson and Livingston. Doc. Ent. 1 at 42-43. On June 11, 2007, plaintiff completed a prisoner kite regarding "a final disposition . . . on th[e] pending investigation[.]" Doc. Ent. 1 at 21. An undated note at the bottom of the kite states, "Parole Board was notified on [April 22, 2007] of your situation[.]"

**B.      The Instant Complaint**

On August 6, 2007, while incarcerated at the Cotton Correctional Facility (JCF), Riley filed this pro se prisoner civil rights complaint against Sampson (Chairperson MPB), Livingston and John Quinlan (Parole Board Members) in their official and individual capacities pursuant to 42 U.S.C. §§ 1983 ("Civil action for deprivation of rights"), 1988 ("Proceedings in vindication of civil rights"). Plaintiff alleges (I) failure to comply with Mich. Comp. Laws § 791.233e(6)-Denial of Due Process; (II) failure to comply with Mich. Comp. Laws § 791.235(12)-Denial of Due Process and (III) failure

to comply with Mich. Comp. Laws § 791.235(5)-Denial of Due Process.[2]  Plaintiff proceeds in forma pauperis.  Doc. Ent. 3.

On October 18, 2007, Magistrate Judge Whalen entered an order directing service without prepayment of cost and authorizing the U. S. Marshal to collect costs after service is made.  Doc. Ent. 4.  The U. S. Marshal received service of process documents on October 24, 2007, and the documents were mailed the next day.  Doc. Entries 5, 9-10.  Livingston signed the waiver of service of summons on November 2, 2007, and Sampson signed the waiver of service of summons on November 5, 2007.  Doc. Entries 9-10.

On November 13, 2007, plaintiff was paroled.  Doc. Ent. 12-3 at 2; *see also* www.michigan.gov/corrections, "Offender Search".  On that same day, something was sent to defendants by certified mail from Grand Rapids, Michigan. Doc. Ent. 8.  On November 15, 2007, two days after plaintiff was paroled, the Attorney General entered an appearance on behalf of defendants Sampson and Livingston.  Doc. Ent. 6.  It does not appear that defendant Quinlan has been served.  Doc. Ent. 7.[3]

**C.    The Instant Motion**

On December 21, 2007, defendants filed a motion to dismiss and/or for summary judgment. Doc. Ent. 12.  They contend that "[p]laintiff has filed a complaint for declaratory and injunctive

---

[2]Plaintiff did not sign the complaint.  Doc. Ent. 1 at 10.

[3]Plaintiff has not filed a change of address with this Court.  Of the three documents plaintiff has filed, none are a change of address.  Doc. Entries 1 (Complaint); 2 (Application to Proceed without Prepayment of Fees) and 8 (certified mail receipts to defendants postmarked November 13, 2007, in Grand Rapids, MI).  However, pursuant to the November 30, 2007, certificate of service, it appears that plaintiff's current address is 711 Franklin SE, Grand Rapids, Michigan 49503.  Doc. Ent. 11.  This appears to be plaintiff's mother's address.  Doc. Ent. 1 at 36.  It also appears that the appropriate zip code is 49507.  *See* www.whitepages.com.

relief which claims that the Defendants are wrongfully refusing to release him on parole. This complaint has recently been rendered moot by the fact that the Plaintiff has recently been released on parole." Doc. Ent. 12 at 1.

Judge Battani referred this case to me to conduct all pretrial matters. Doc. Ent. 13. On January 3, 2008, I entered an order setting the deadline for a response to defendants' dispositive motion for February 4, 2008. Doc. Ent. 14. To date, plaintiff has not filed a response.

**D.      Fed. R. Civ. P. 12(b)**

The instant motion to dismiss is based upon Fed. R. Civ. P. 12(b)(6). Doc. Ent. 12 at 1. Federal Rule of Civil Procedure 12 sets forth rules regarding defenses and objections. As to how defenses should be presented, the rule states in pertinent part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]

Federal Rules of Civil Procedure 12(b)(6). "If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (May 21, 2007)

(citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atlantic Corp.*, 127 S. Ct. at 1965 (citations and quotations omitted). It is not enough that "the pleadings [leave] open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Id*. at 1968. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 1970. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Claims should be "nudged . . . across the line from conceivable to plausible" to avoid dismissal. *Id.*

The reviewing court must construe the complaint in the light most favorable to plaintiff and must presume all factual allegations in the complaint as true. *See Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The purpose of Rule 12(b)(6) is to give defendant the opportunity to test whether plaintiff is entitled to legal relief as a matter of law even if everything alleged in the complaint is true. *See Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). A dismissal under Rule 12(b)(6) is generally disfavored by courts, as it is a dismissal on the merits. 2A JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.07 (2d ed. 1995).

**D. The Court Should Grant Defendants' Motion to Dismiss.**

**1.** Under Article III of the Constitution, a federal court has jurisdiction only over actual "cases or controversies." U.S. Const. Art. III, § 2. As the Supreme Court has explained:

> "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478[] (1990). See also *Preiser v. Newkirk*, 422 U.S. 395, 401[] (1975). This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis, supra*, at 477[].

*Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

**2.**     To begin, it does not appear that the Court can afford plaintiff any meaningful relief. "A case (or an injunction) is only moot if, assuming that the plaintiff receives the relief which he or she requests, such relief would no longer afford any meaningful legal benefit." *Smith v. S.E.C.*, 129 F.3d 356 (6th Cir. 1997). *See also Greenbaum v. U.S. E.P.A.*, 370 F.3d 527, 534 (6th Cir. 2004) ("Under the doctrine of prudential mootness, we decline to reach the specific issue of whether Ohio's NSR program should have been fully approved prior to redesignation as the circumstances have changed, and we can no longer afford petitioners any meaningful relief on this point.");

As plaintiff states in the introductory paragraph of his complaint, he brings this 42 U.S.C. § 1983 action "to enjoin defendant[] officials of the [MDOC] and [MPB] from conducting his parole interview in a manner that violates his rights to due process of law under the Michigan Constitution of 1963 Art. 1 §§§§ 14, 15, 17, and 24[,]" as well as the Fifth and Fourteenth Amendments to the United States Constitution. Doc. Ent. 1 at 3. A requirement by this Court that defendants conduct plaintiff's parole hearing in a constitutional manner means little if plaintiff no longer needs a parole hearing.

Plaintiff's introductory characterization of his complaint as seeking a constitutional parole hearing is consistent with his factual allegations. Doc. Ent. 1 ¶¶ 10-32. For example, plaintiff claims his "parole status was suspended due to the [March 20, 2006] detainer lodged against him[.]" Doc. Ent. 1 at 4 ¶ 13. He further claims that "absent th[e] [October 23, 2006] [detainer/prisoner hold] [of the Grand Rapids Police Department] there [wa]s no rational basis in which to have suspended and revoked the plaintiff's parole [on October 25, 2006][.]" Doc. Ent. 1 at 5 ¶ 18. Plaintiff suspects that the October 25, 2006, denial was based on an "unsubstantiated and uncharged offense that is more than 5 years old in Kent County, Michigan." Doc. Ent. 1 at 5 ¶ 19.[4] Furthermore, plaintiff contends that "the MDOC is in violation of Plaintiff's right to procedural due process when: (1) the MDOC Parole Board continues to suspend and revoke his parole based on erroneous information [and] (2) reli[es] on an invalid detainer lodged against Plaintiff[;]" and "[t]he [June 7, 2007] Parole Board Notice of Decision form, fail[ed] to cite any reason, but specifically failed to cite substantial and compelling reasons, for departure from the Parole Guidelines recommendation of 'high probability' for parole, [c]ontrary to [Mich. Comp. Laws §] 79[1].233e(6)." Doc. Ent. 1 at ¶¶ 24, 30. Citing Mich. Comp. Laws § 791.235(12), plaintiff claims that the June 7, 2007, notice of decision does not give an explanation for assessing a twelve (12)

---

[4]Plaintiff claims he has never been charged with murder and does not have a prior criminal history involving firearms. Doc. Ent. 1 at 5 ¶ 20. He further contends that "there is no pending charge from Kent County against [him]." Doc. Ent. 1 at 5 ¶ 21. He also contends that he was made aware of a Kent County murder investigation and has written to Kent County detectives Griffin, Worch, the Kent County Court and Prosecuting Attorney, the MDOC, the JCF Warden's and Records office, and the MPB regarding his rights, such as those found in the Speedy Trial Act and the Interstate Agreement on Detainers Act. Doc. Ent. 1 at 5-6 ¶ 22. Plaintiff claims he "continues to cooperate by testifying before a Grand Jury and fully and completely answering all questions." Doc. Ent. 1 at 6 ¶ 23.

month continuance and "used [criminal history] information in support of unstated reasons to deny parole[.]" Doc. Ent. 1 at 7 ¶ 32.

It is clear from these factual allegations that plaintiff is challenging the constitutionality of his parole hearings. However, he does not seek monetary damages and, by virtue of his November 13, 2007, parole, there is no benefit the Court can confer upon plaintiff by reviewing his due process claims with respect to defendants' conduct in his parole interview(s) or defendants' three decision(s) to deny parole.

**3.** This conclusion is confirmed by a review of plaintiff's three due process claims. Count I of plaintiff's complaint concerns Mich. Comp. Laws § 791.233e(6), which provides: "The parole board may depart from the parole guideline by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines or by granting parole to a prisoner who has a low probability of parole as determined under the parole guidelines. A departure under this subsection shall be for substantial and compelling reasons stated in writing. The parole board shall not use a prisoner's gender, race, ethnicity, alienage, national origin, or religion to depart from the recommended parole guidelines." Plaintiff alleges that the June 7, 2007, Parole Board Notice of Decision form "fails to state any reason as to why it was continuing Plaintiff, let alon[e] a 'substantial and compelling reason." Doc. Ent. 1 at 7 ¶ 34.

Count II of plaintiff's complaint concerns Mich. Comp. Laws § 791.235(12), which provides: "When the parole board makes a final determination not to release a prisoner, the prisoner shall be provided with a written explanation of the reason for denial and, if appropriate, specific recommendations for corrective action the prisoner may take to facilitate release." Plaintiff alleges that "[t]he explanation justifying departure, (criminal hi[s]tory) was used in calculating plaintiff's

[March 31, 2007] guideline scoresheet, making Plaintiff a high probability for parole. These same guidelines cannot be used to deny/continue plaintiff for another 12 months. Parole Board['s] failure to reinstate Parole as promised in 'Parole Board Notice of Decision' dated [November 2, 2006], that parole would be reinstated when 'Felony suspect charges were resolved' gave expectation of parole when Plaintiff saw Parole Board [April 17, 2007]." Doc. Ent. 1 at 8 ¶ 37.

Count III of plaintiff's complaint concerns Mich. Comp. Laws § 791.235(5), which provides: "Except for good cause, the parole board member conducting the interview shall not have cast a vote for or against the prisoner's release before conducting the current interview. Before the interview, the parole board member who is to conduct the interview shall review pertinent information relative to the notice of intent to conduct an interview." Plaintiff alleges that "[t]he three member panel was tainted when none of the [Defendants] voting members of the parole board, []Sampson, []Livingston, or []Quinlan conducted a[n] interview with plaintiff prior to continuing Plaintiff for 12 months." Doc. Ent. 1 at 8 ¶ 40. Plaintiff further alleges that he "was also denied the review of pertinent information relative to the notice of intent to conduct an interview, by a voting panel member in accordance with [Mich. Comp. Laws §] 791.235(5)." Doc. Ent. 1 at 9 ¶ 41. In this Count, plaintiff also mentions Mich. Admin. Code R 791.7765 ("Parole board panels"), the subsections of which provide for decisions by a panel of three board members or decisions by the parole board.

As for Count I, the June 7, 2007, Parole Board Notice of Decision states several reasons in support of the MPB's action. Doc. Ent. 1 at 42-43. As for Count II, plaintiff claims that his criminal history cannot be used as justification for the June 7, 2007, denial of parole where his "Prior Criminal Record Variables" considered in the March 31, 2007, Parole Guidelines Scoresheet resulted in a score of "HIGH Probability of Parole". Plaintiff also considered the October 25, 2006,

denial as a promise that he would be granted parole when the felony suspect charge was resolved, and he expected to be paroled on April 17, 2007.  As for Count III, on April 11, 2007, plaintiff was interviewed by Berrios (albeit Berrios signed the October 25, 2006, denial and was not a party to the apparent three-person panel which issued the June 7, 2007, denial).

Nonetheless, even if these counts were to be decided in plaintiff's favor (i.e., the MPB's reasons in support of the June 7, 2007, denial were not "substantial and compelling" as required by Mich. Comp. Laws § 791.233e(6) (¶ 34); the result of using plaintiff's criminal history in preparation of his scoresheet and in support of the June 7, 2007, denial was inconsistent and the MPB reneged on its October 25, 2006, "promise" (¶ 37); an interview should have been conducted by a member of the three-person panel that issued the June 7, 2007, denial (¶ 40); and/or plaintiff should have been given an opportunity to review pertinent information relative to the March 21, 2007, notice of intent to conduct a parole board interview (¶ 41)), there is no sense in granting plaintiff a parole board hearing which remedies these allegations.  Plaintiff's release on parole obviates the need for another parole board hearing.

Furthermore, it does not appear from the face of plaintiff's complaint that his claims are based on a contention that the delayed efforts to grant him parole have resulted in an extension of the time at which he will be discharged from supervision.[5]  *Weinstein v. Bradford*, 423 U.S. 147, 148 (1975) ("It is undisputed that respondent was temporarily paroled on December 18, 1974, and that this status ripened into a complete release from supervision on March 25, 1975. From that date

_____

[5]According to plaintiff's "Offender Tracking Information System (OTIS) - Offender Profile" Plaintiff's supervision began on November 13, 2007, and will continue until the supervision discharge date of May 13, 2009.

forward it is plain that respondent can have no interest whatever in the procedures followed by petitioners in granting parole.").

4.      The conclusion that there is no meaningful relief the Court can confer upon plaintiff is further confirmed by a review of plaintiff's requests for relief, which are limited to declaratory and injunctive remedies:

> A.      Assume jurisdiction over this case.
> B.      Enter an order **declaring** defendants' acts and practices herein as violative of plaintiff's rights under the United States [Constitution];
> C.      Enter a **preliminary and permanent injunction** prohibiting defendant[s'] from violating The Michigan Constitution of 1963, Art. 1, §§§§§ 14, 15, 17, and 24, [Mich. Comp. Laws §§] 791.233e(6), and 791.235(12).
> D.      Enter a **preliminary and permanent injunction** prohibiting defendants from holding plaintiff without a lawful detainer and abide by [Policy] Directive 06.05.104 ["Parole Process"].
> E.      Award such other relief as this Court deem[s] just and appropriate.

Doc. Ent. 1 at 9-10 (emphasis added).

Primarily, plaintiff seeks both declaratory and injunctive relief regarding the constitutionality of defendants' actions during plaintiff's parole proceedings.  However, plaintiff has now been paroled.  Because he is no longer incarcerated, his claims for declaratory and injunctive relief are moot.  *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) ("Plaintiff also requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated in either Hardeman County Correctional Facility or Whiteville Correctional Facility, these prayers for relief are moot."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."); *Goar v. Civiletti*, 688 F.2d 27, 29 (6th Cir. 1982) ("the injunctive relief sought is now moot since Goar is no longer imprisoned."); *Tanney v. Boles*, 400 F.Supp.2d 1027, 1039 & n.9 (E.D. Mich. 2005) (Roberts, J.) ("The Sixth Circuit has consistently

found that, like a claim for injunctive relief, an inmate's claim for declaratory relief based on prison conditions or treatment becomes moot once the inmate is transferred or released."). *See also Goldsborough v. Carlson*, No. 88-5656, 1988 WL 125368, *1 (6th Cir. Nov. 25, 1988) ("A prisoner's claims for injunctive relief are mooted upon that prisoner's release or transfer.") (citing cases).

As for plaintiff's requests for **permanent** injunctive relief, "there is now no reasonable expectation that the wrong will be repeated[.]" *Preiser v. Newkirk*, 422 U.S. at 402 (citations and quotations omitted). Nor does it appear that the harm which plaintiff alleges has occurred is "'capable of repetition, yet evading review[.]'" *Preiser*, 422 U.S. at 403 (citing *Southern Pacific Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911); *Roe v. Wade*, 410 W.S. 113, 125 (1973)).

**5.** In the end, as the title page of plaintiff's complaint states, this is a complaint pursuant to "42 U.S.C. §§ 1983, 1988 . . . for declaratory and injunctive relief." Doc. Ent. 1 at 1. "Mootness results when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). "Because the requested relief will not be forthcoming, the plaintiff will no longer have an interest in the outcome which justifies a federal court's decision on the underlying factual and legal issues." *Carras*, 807 F.2d at 1289. "Indeed, if a case becomes moot, it does not satisfy the 'case or controversy' requirement of Article III, U.S. Const. art. III, § 2, and the federal courts are powerless to decide it." *Id.*

For the foregoing reasons, the Court should grant defendants' motion to dismiss.

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231, American Federation of Teachers, ALF-CIO*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 5/12/08

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on May 12, 2008.

s/Eddrey Butts
Case Manager